IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB 23 AM 8:37

CLERK _____
SO. DIST. OF GA.

MICHAEL SCOTT PRUITT, )
                                    )
       Plaintiff, )
                                    )
v. ) CV 110-133
                                    )
MEDICAL COLLEGE OF GEORGIA )
HEALTH, INC., )
                                    )
       Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, brought the above-captioned employment discrimination case alleging that Defendant discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act of 1990. (See doc. no. 1.) The matter is before the Court on Defendant's motion to dismiss. (Doc. no. 14.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED IN PART**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

Because he is proceeding *pro se*, the Court provided Plaintiff with some basic instructions regarding the development and progression of his case. (Doc. no. 3.) In that Instruction Order, the Court cautioned Plaintiff that while his action is pending, he must immediately inform the Court and opposing counsel of any change of address and that failure

to do so would result in the dismissal of the case. (Id. at 3.) In accordance with those instructions, Plaintiff subsequently filed a notice of change of address on May 17, 2011, explaining that he was "to turn himself in" to the Emanuel County Probation Detention Center ("Detention Center"), and he provided the Court with his new address at that location. (Doc. no. 5.)

On July 8, 2011, Defendant filed its answer to Plaintiff's complaint (doc. no. 8), followed by a motion for entry of a Scheduling Order (doc. no. 10). Due to Plaintiff's incarceration, the Court found Defendant's request for entry of a Scheduling Order moot, and it directed the Clerk of Court to issue a Scheduling Notice setting the deadlines in the case. (Doc. no. 11.) However, both the Order directing entry of the Scheduling Notice, as well as the Scheduling Notice itself (doc. no. 12), were returned as undeliverable to Plaintiff's address at the Detention Center. (Doc. no. 13.) Defendant then filed the instant motion, in which it argues that Plaintiff's case should be dismissed with prejudice for failure to comply with the Court's Instruction Order, which directed Plaintiff to cooperate fully in any discovery initiated by Defendants and to notify the Court and opposing counsel of any change of address. (Doc. no. 14.)

Defendant asserts that it served discovery requests on Plaintiff at both the original address listed on his complaint, as well as at his address at the Detention Center; however, the requests sent to the Detention Center were returned as undeliverable and the requests sent to Plaintiff's original address were never returned. (Id. at 2 & Exs. A, B, C.) Further, Defendant asserts that after Plaintiff failed to timely respond to its discovery requests, it sent Plaintiff a letter – again to both his original address and his address at the Detention Center

– in a good faith attempt to obtain responses to its discovery requests. (Id. at 3 & Ex. D.) However, Defendant explains that both letters were returned as undeliverable. (Id. & Exs. E, F.) Defendant argues that contrary to the Court's January 13th Order, Plaintiff failed to cooperate fully in discovery and failed to notify the Court and Defendant of his new address. (Id.) Defendant contends that the instant case should therefore be dismissed pursuant to Rule 37(b)(2)(A)(v) and 41(b). (Id. at 3-5.) Plaintiff has not filed a response to Defendant's motion.

Under Loc. R. 7.5, failure to respond to a motion generally indicates that the motion is unopposed; however, the Court is reluctant to rule on a dispositive motion to dismiss without first hearing from *pro se* Plaintiff. Unfortunately, it is apparent that Plaintiff has failed to inform the Court of a change of address, making it impossible for the Court to communicate with him. Indeed, Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Court has specifically warned Plaintiff, "While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case." (Doc. no. 3, p. 3.) The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed.

3

R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1( c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, as Plaintiff has failed to provide the Court with a valid address, there is no means for the Court to reach him, rendering the imposition of monetary sanctions infeasible in this case.

Defendant also relies on Fed. R. Civ. P. 37 to support its request that this case be dismissed based on Plaintiff's failure to cooperate in discovery. (Doc. no. 14, pp. 3-4.) Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of, *inter alia*, striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Thus, even though under Fed. R. Civ. P. 37(d), a party is not required to first obtain an order compelling discovery material to be produced, Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981), the Eleventh Circuit has consistently found that default or dismissal under Rule 37 should be imposed only for "flagrant disregard and willful disobedience of . . . discovery orders." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted). There has been no prior discovery order issued in this case that directed Plaintiff to respond to Defendant's discovery. Therefore, the Court finds that dismissal as a discovery sanction pursuant to Rule 37 would not be appropriate in this case.

Finally, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss (doc. no. 14) be **GRANTED IN PART**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 23r day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE